**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY CLAWSON,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>        Defendant-Appellee. | No.   16-35681<br><br>D.C. No. 1:15-cv-00760-PA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted August 3, 2018**

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Randy Clawson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Clawson's application for disability

insurance benefits under Titles II and XVI of the Social Security Act.  We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ properly found that Clawson's spinal impairment did not equal Listing 1.04B because Clawson did not establish symptoms and laboratory findings equal in severity and duration to the characteristics of that listing. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (claimant "must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a . . . listed impairment . . . or . . . the listed impairment 'most like' the claimant's impairment" (citation omitted)).

The Appeals Council properly considered the October 2013 disability opinion from the treating physician and the medical imaging results that Clawson submitted after the hearing. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). Considering this new evidence, the ALJ's decision remains supported by substantial evidence.

Even if the ALJ erred in discounting Clawson's testimony concerning the extent of his symptoms and their limiting effects, any error was harmless. The ALJ cited the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of his testimony: inconsistencies between Clawson's alleged symptoms and daily activities, and a lack of supporting objective medical evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). Any error in relying on Clawson's continued

2                                                                              16-35681

smoking and receipt of unemployment benefits was harmless because the ALJ cited other valid bases to discount Clawson's testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

At Step Five, the ALJ supported his findings with substantial evidence. Clawson showed that he cannot perform past relevant work, so the burden shifted to the Secretary to show that Clawson cannot engage in other substantial gainful activity. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). The ALJ met the burden by propounding to a vocational expert a hypothetical that reflected all of Clawson's limitations. The VE testified about two jobs that Clawson could perform, given his residual functional capacity, and the availability of such jobs in the national economy. *See Tackett*, 180 F.3d at 1101. Significant numbers of jobs exist in the national economy, so Clawson is not disabled. *See* 20 C.F.R. §§ 404.1566(b), (c).

The ALJ erred by failing to ask the VE whether his testimony conflicted with the *Dictionary of Occupational Titles*, but the error is harmless. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The VE's testimony did conflict with the DOT – the hypothetical limited exertion to sedentary, and the VE identified two jobs that require light exertion. However, the record contains persuasive evidence to support the VE's deviation from the DOT. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). Because the VE testified that the

16-35681

two jobs could be performed with exertional levels no greater than those required

for a sedentary job, the error is harmless.  *See Massachi*, 486 F.3d at 1155 n.19.

The ALJ's clerical error in citing an incorrect DOT number for the

production inspector/ checker position is harmless.

**AFFIRMED.**